In the Matter of the Claim of CARMEN RISOLA, Respondent, v. ISRAEL COHEN & SON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appellants contend that the award is barred by circumstances arising upon claimant's failure to commence a third-party action within the time limited therefor by the CPLR. In a letter to the carrier, claimant's attorneys stated that they had been retained by claimant to prosecute a third-party action and that claimant did "not intend to prosecute a claim for compensation benefits", whereupon the board closed the case "pending outcome of 3rd party action." After expiration of the three-year limitation applicable to negligence actions, the compensation claim was reopened and it developed that no action had ever been commenced. The statute, as applied to the facts of this case, requires that the action be commenced within one year from the date of the accident and that notice of the commencement thereof be given "within thirty days thereafter to the chairman, the employer and the insurance carrier upon a form prescribed by the chairman" and further provides that the failure to commence action within the one-year period shall operate as an assignment of the cause of action to the compensation carrier. (Workmen's Compensation Law, § 29, subds. 1, 2.) The board found "that the carrier never received statutory notice of the commencement of a third party action; that it should have been more diligent in ascertaining whether such action had in fact been commenced in order to protect its right of subrogation and that under the circumstances herein the carrier was not prejudiced by claimant's action." Contrary to appellants' contention, the attorneys' statement that they had been "retained * * * to prosecute" an action cannot reasonably be equated to notice, upon a prescribed form, that an action *had been* commenced

within 30 days *prior* to such notice. (Workmen's Compensation Law, § 29, subd. 1.) Nor do we find any tenable basis for appellants' contention that, by reason of their alleged reliance upon claimant's supposed election of remedies, claimant is estopped from pursuing his compensation claim; inasmuch as the circumstances permitted of no such reliance and the carrier most certainly knew, or was chargeable with knowledge, that the attorneys' retainer did not commence an action and that its right to subrogation would accrue within one year, absent action by claimant; and, of course, the elementary precaution of an inquiry at any time within the ensuing two years would have elicited the information that no action had been commenced, with the resultant accrual of its subrogation rights. The authorities cited by appellants do not support their position and those that at first glance seem parallel were decided under the former and materially different statute. (See *Matter of Cresci* v. *Krasilousky Trucking Co.*, 5 A D 2d 569, 575, mot. for lv. to app. den. 4 N Y 2d 677.) Appellants' remaining contentions are insubstantial and do not require discussion. Decision affirmed, with costs to respondent Workmen's Compensation Board. Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.